UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61388-BLOOM
Case No. 15-cr-60005-BLOOM

ASAZUH MOBLEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON MOTION TO CORRECT SENTENCE

**THIS CAUSE** is before the Court upon Movant Asazuh Mobley's ("Movant") Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. [1] (the "Motion"). The Court has carefully considered the Motion, all supporting and opposing filings, the relevant authority, and is otherwise duly advised in the premised. For the reasons that follow, the Motion is denied.

**I.     BACKGROUND**

On June 9, 2015, Movant pled guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See* Motion ¶ 1; ECF No. [6] at 1. At sentencing, the Court determined that Movant qualified for a 60-month mandatory-minimum sentence on the 18 U.S.C. § 924(c)(1)(A) conviction, to be served consecutively with a 33-month sentence imposed for his 18 U.S.C. § 1951(a) conviction, conspiracy to commit Hobbs Act robbery. Motion ¶ 2. Movant now requests relief in light of the Supreme Court's decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") "residual clause" at § 924(e)(2)(B)(ii) is

unconstitutionally vague. Although Movant's sentence was not enhanced under § 924(e)(2)(B)(ii), he argues that *Johnson*, retroactively applicable pursuant to *Welch v. United States*, 136 S. Ct. 1257 (2016), makes him "actually innocent" of the 18 U.S.C. § 924(c)(1)(A) charge/conviction, and eligible for relief under 28 U.S.C. § 2255. *See id.* ¶ 4. Respondent's Answer to the Motion and Movant's Reply followed. *See* ECF Nos. [6], [7].

## II. DISCUSSION

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations omitted). Both parties appear to agree that Movant's Motion may be granted if the Court determines that he is "actually innocent" of having violated 18 U.S.C. § 924(c)(1)(A). *See* ECF No. [6] at 5; ECF No. [7] at 23. "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995) (internal quotations omitted)). Where a defendant has been convicted under a constitutionally invalid provision of a statute, the defendant is actually innocent of the offense because his conduct was not a crime. *See id.* at 619. Thus, if, as Movant claims, his conviction for conspiracy to commit Hobbs Act robbery does not actually constitute a "crime of violence," he may obtain relief under 28 U.S.C. § 2255.

Both parties recognize that the district and circuit courts of appeals have entertained a deluge of § 2255 motions since the issuance of *Johnson* seventeen months ago. Even before *Johnson*, the Eleventh Circuit has had occasion to provide guidance on issues related to the categorical approach, and its ever-shifting landscape. Since *Johnson*, courts have addressed

challenges similar – if not identical – to Movant's argument, despite the Supreme Court's qualification that its holding did not call into question "almost all" of the "federal and state criminal laws" cited by the Solicitor General and *Johnson* dissent. *See Johnson*, 135 S. Ct. at 2561. In this case, Movant's conviction and sentence have little to do with 18 U.S.C. § 924(e)(2)(B)(ii), an ACCA provision that enhances a criminal sentence for individuals with three or more prior "violent felony" convictions, defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

Rather, Movant was convicted for having violated 18 U.S.C. § 924(c)(1)(A), a statute that criminalizes the possession of a firearm in furtherance of a crime of violence, defined at 18 U.S.C. § 924(c)(3). In this case, Movant's 18 U.S.C. § 1951(a) conviction for conspiracy to commit Hobbs Act robbery constitutes the predicate § 924(c)(3) crime of violence. Section 924(c)(3) defines a "crime of violence" as an offense that is a felony and:

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Movant claims that his conviction under § 1951(a) for conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c)(3) post-*Johnson*. The Eleventh Circuit has yet to definitively decide the question, nor has it determined whether *Johnson* "applies to

3

§ 924(c)(3)(B)" and "invalidates sentences that relied" upon it. *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (quoting *In re Pinder*, 824 F.3d 977, 978-79 (11th Cir. 2016); *see Pinder*, 824 F.3d at 979 n.1. The Eleventh Circuit's reasoning in *Pinder*, however, provides the most recent and relevant guidance on the issue. Although the Eleventh Circuit has cautioned that "nothing we pronounce in orders on applications to file successive § 2255 motions binds the district court," this Court believes *Pinder* to be the proper starting point to address the legal issues presented in this case. *See In re Rogers*, 825 F.3d 1335, 1338 (11th Cir. 2016) (noting that the Eleventh Circuit decides such motions by determining, as a matter of law, "whether the petitioner has made out a *prima facie* case").

In *Pinder*, the Eleventh Circuit granted the movant authorization to file a second or successive 28 U.S.C. § 2255 motion that challenged the validity of his § 924(c) conviction, recognizing that "the language in § 924(c) and § 924(e) is very similar." 824 F.3d at 978. Specifically, the *Pinder* Court noted that both statutes "require higher sentences once a court decides that an offense is a 'crime of violence,'" and mandate that a court apply the categorical approach "'by reference to the elements of the offense, and not the actual facts of the defendant's conduct.'" *Id.* (alternations omitted) (quoting *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013)). Moreover, and "[a]s the Supreme Court has explained, 'the vagueness of § 924(e)(2)(B)(ii) rests in large part on its operation under the categorical approach.'" *Id.* (quoting *Welch*, 136 S. Ct. at 1262) (alternations omitted). The Eleventh Circuit further reasoned that "[alt]hough § 924(c) is phrased a bit differently from § 924(e), the § 924(c) language also requires courts to decide if the offense in question 'naturally involves a person acting in disregard of the risk that physical force might be used against another in committing an offense.'" *Id.* (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004)) (alternations omitted). In the

4

end, the *Pinder* Court remanded the matter to the district court to determine "[w]hether [a] new rule of constitutional law invalidates Pinder's sentence." *Id.* at 979.

This Court has before it certain underlying issues that were present in *Pinder*. *See id.* at 979 n.1 ("Pinder's § 924(c) sentence appears to have been based on a conviction for conspiracy to commit Hobbs Act robbery."). "'To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal.'" *Id.* (quoting *United States v. Ransfer*, 749 F.3d 914, 930 (11th Cir. 2014)). As to Hobbs Act robbery itself, persuasive authority indicates that it "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)." *Fleur*, 824 F.3d at 1340; *see Rogers*, 825 F.3d at 1340; *see also United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016); *United States v. Collins*, 2016 WL 1639960, at *31 (N.D. Ga. Feb. 9, 2016), *report and recommendation adopted*, 2016 WL 1623910 (N.D. Ga. Apr. 25, 2016) ("reference to § 1951(a) is all that is necessary to determine that the charges here do indeed satisfy § 924(c)(3)(A)'s 'force' clause."); *United States v. Brownlow*, 2015 WL 6452620, at *4 (N.D. Ala. Oct. 26, 2015) ("The law is firmly established that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)" (citing out-of-circuit authority)). It does not necessarily follow, however, that *conspiracy* to commit Hobbs Act robbery also qualifies as a crime of violence under § 924(c)(3)(A). Movant argues that it does not, and the Court agrees. While a multitude of courts have held that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence, those courts have based their holdings on § 924(c)(3)'s residual clause at subsection (B), rather than the force clause at § 924(c)(3)(A). *See United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) ("Under this [18 U.S.C. § 924(c)(3)(B)] definition, a conspiracy is itself a crime of violence when its objectives

5

are violent crimes." (internal quotations omitted)); *United States v. Taylor*, 176 F.3d 331, 338 (6th Cir. 1999) ("conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."); *United States v. Elder*, 88 F.3d 127, 129 (2d Cir. 1996) ("Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another."); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) ("We determine today that conspiracy to rob in violation of § 1951 'by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense.'" (quoting 18 U.S.C. § 924(c)(3)(B)); *see also United States v. Cruz*, 805 F.2d 1464, 1474 n.11 (11th Cir. 1986) (discussing whether a conspiracy conviction might constitute a crime of violence under 18 U.S.C. § 16(b)). The Government does not argue that conspiracy to commit Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A), and case law published since *Johnson* (and cited by the Eleventh Circuit in *Pinder*) indicates that it does not. *See United States v. Edmundson*, 153 F. Supp. 3d 857, 864, 2015 WL 9311983, at *6 (D. Md. 2015), *as amended* (Dec. 30, 2015) (reviewing Fourth Circuit case law to hold that "the elements of neither conspiracy offense require the defendant to commit an overt act in furtherance of the conspiracy. Accordingly, . . . conspiracy to commit Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another, and therefore does not fall within the § 924(c) force clause."); *see also United States v. Luong*, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016) (relying on Ninth Circuit precedent to determine that "conspiracy to commit Hobbs Act robbery does not have as an element the use or attempted use of physical force and is not a crime of

6

violence under the force clause."). The Court finds this authority persuasive, and, in light of the Government's apparent non-opposition,[1] determines that conspiracy to commit Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another required to qualify as a crime of violence under § 924(c)(3)(A).

That brings the Court to the center of a dispute raging in and amongst the circuit courts of appeals: does the reasoning in *Johnson* make the residual clause at 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague?[2] If so, conspiracy to commit Hobbs Act robbery does not constitute a crime of violence under § 924(c). Despite the recent deluge of similar filings throughout the country, no appellate body has found § 924(c)(3)(B) unconstitutionally vague in light of *Johnson*. To the contrary, the Courts of Appeals for the Second, Sixth, and Eighth Circuits have rejected arguments nearly identical to those espoused by Movant. *See Hill*, 832 F.3d 135; *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016)[3]; *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016). No federal appellate court has held otherwise, though the Third, Sixth, Seventh, Ninth,

---

[1] Because the Court additionally finds that *Johnson* does not make § 924(c)(3)(B) unconstitutionally vague, it need not and does not consider the "significant procedural hurdles" Movant might have faced in an effort to collaterally attack his 18 U.S.C. § 924(c)(1)(A) conviction without first filing a direct appeal. *Bousley*, 523 U.S. at 621. Notably, the *Descamps* line of authority Movant relies on to argue that the elements required of 18 U.S.C. § 1951(a) conspiracy do not match those at § 924(c)(3)(A) existed at the time of his guilty plea. The Court engages in the above analysis because the Eleventh Circuit has expressly stated that it has yet to decide whether conspiracy to commit Hobbs Act robbery "categorically qualifies as a 'crime of violence' for the purposes of § 924(c)," *Pinder*, 824 F.3d at 979 n.1, and on account of the Government's apparent non-opposition.

[2] Movant does *not* alternatively argue that 18 U.S.C. § 1951(a) conspiracy is not a crime of violence under a constitutionally valid § 924(c)(3)(B), an argument that would be at odds with the appellate authority cited above and other persuasive guidance. *See United States v. Hughes*, 2008 WL 6653542, at *3-4 (N.D. Ga. Oct. 3, 2008), *report and recommendation adopted*, 2009 WL 2422850 (N.D. Ga. Aug. 4, 2009), *aff'd*, 410 F. App'x 285 (11th Cir. 2011); *see also Ayala*, 601 F.3d at 267 ("a conspiracy 'is itself a crime of violence when its objectives are violent crimes.'"(quoting *Elder*, 88 F.3d at 129)).

[3] The Sixth Circuit subsequently found 18 U.S.C. § 16(b) unconstitutionally vague but distinguished and upheld *Taylor* and "the constitutionality of 18 U.S.C. § 924(c)(3)(B)." *Shuti v. Lynch*, 828 F.3d 440, 450 (6th Cir. 2016).

and Tenth Circuit Courts of Appeals have found the residual clause at 18 U.S.C. § 16(b) unconstitutionally vague in light of *Johnson*. *See Baptiste v. Attorney Gen.*, ___ F.3d ___, 2016 WL 6595943, at *16 (3d Cir. Nov. 8, 2016) (interpreting 8 U.S.C. § 1101(a)(43)(F), a provision of the Immigration and Nationality Act that incorporates 18 U.S.C. § 16(b) by reference); *Shuti v. Lynch*, 828 F.3d 440, 450 (6th Cir. 2016) (same); *Golicov v. Lynch*, 837 F.3d 1065, 1071 (10th Cir. 2016) (same); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (same). And, while the analyses conducted in the § 16(b) context may provide instructive guidance to interpret § 924(c)(3)(B)'s materially indistinguishable language, the § 16(b) dispute is itself far from settled: the Fifth Circuit found § 16(b) valid after rehearing the issue *en banc*, the Eleventh Circuit has not yet weighed-in post-*Johnson*, and the Supreme Court recently granted the Government's petition for a writ of certiorari in *Dimaya*. *See Lynch v. Dimaya*, 137 S. Ct. 31 (2016); *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (*en banc*) (vacating *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2015)). With the issue undecided in this circuit and currently pending before the Supreme Court, the Court will not determine the constitutionality of § 924(c)(3)(B) by analogizing to the unresolved § 16(b) dispute, and that statute's constitutionality.

The Court, therefore, returns to § 924(c)(3)(B), a criminal statute found constitutional by the only three appellate courts to have directly ruled on the issue.[4] While certain statements in *Pinder* indicate that the Eleventh Circuit *may* eventually disagree with the Second, Sixth, and Eighth Circuits, the *Pinder* decision was expressly limited and non-binding, and was issued

---

[4] Certain district courts, however, have found the statute unconstitutional, including a recent decision in the Southern District of Florida. *See, e.g.*, *Duhart v. United States*, 2016 WL 4720424 (S.D. Fla. Sept. 9, 2016); *Luong*, 2016 WL 1588495, at *3; *Edmundson*, 153 F. Supp. 3d at 862.

before the Second and Eighth Circuits published *Hill* and *Prickett*, respectively.[5]  *See Pinder*, 824 F.3d at 979; *see also Gordon*, 827 F.3d at 1294.  Moreover, last May, the Eleventh Circuit *upheld* a conviction under § 924(c) on plain error review, holding that *Johnson* "did not expressly invalidate the crime-of-violence definition in § 924(c)(3)(B) or even broadly condemn criminal laws using risk-based terms. . . . Nor is it clear that *Samuel Johnson*'s reasoning regarding the ACCA's residual clause applies with equal force to § 924(c)(3)(B)."[6]  *United States v. Fox*, 650 F. App'x 734, 737 (11th Cir. 2016) (internal citation and quotations omitted).  In this uncertain legal landscape, the Court finds persuasive the reasoning of the appellate courts that have squarely addressed the issue, particularly that of the Second and Sixth Circuits in *Hill* and *Taylor*.

As the Supreme Court has explained, "[t]he void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'"  *Welch*, 136 S. Ct. at 1262 (quoting *Johnson*, 135 S. Ct. at 2556).  *Johnson* determined that "[t]wo features" of 18 U.S.C. § 924(e)(2)(B)(ii) "conspire to make it unconstitutionally vague."  135 S. Ct. at 2557.  Specifically, and as explained by the Second Circuit, the Supreme Court

> focused on the double-layered uncertainty embedded in the clause's operation—which required courts employing the categorical approach first to estimate the potential risk of physical injury posed by 'a judicially imagined 'ordinary case' of [the] crime' at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, 'far from clear in respect to the degree of risk each poses.'

---

[5] The Sixth Circuit had already issued *Taylor*, but had not yet provided further guidance in *Shuti*.

[6] Nevertheless, the Eleventh Circuit emphasized that "in this appeal, the issue of whether, upon *de novo* review, § 924(c)(3)(B)'s definition of 'crime of violence' is unconstitutionally vague, in violation of *Samuel Johnson*'s reasoning, is not before us.  Therefore, we expressly do not opine on that issue here." *Fox*, 650 F. App'x at 737 n.1.

*Hill*, 832 F.3d at 145 (quoting *Johnson*, 135 S. Ct. at 2557-58 (in turn quoting *Begay v. United States*, 553 U.S. 137, 143 (2008))). The Second Circuit has opined that it is "these twin ambiguities—'*combining* indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony'—that offend[s] the Constitution." *Id.* at 146 (emphasis in the original) (quoting *Johnson*, 135 S. Ct. at 2558). Importantly, while § 924(c)(3)(B) requires courts to employ the "ordinary case" analysis, the approach "does not involve the double-layered uncertainty present in *Johnson*," and "is a far narrower and simpler undertaking than divining whether a felony, not being one of four enumerated, but disparate crimes, 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). This is so because (1) "the risk-of-force clause [at § 924(c)(3)(B)] contains no mystifying list of offenses and no indeterminate otherwise phraseology—a defining feature of the ACCA's residual clause"; (2) the ACCA's residual clause "defines crimes as violent felonies if they, *inter alia*, present a serious potential risk of physical injury to another," while § 924(c)(3)(B) "defines predicate crimes as those that by their nature involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"; and (3) unlike the ACCA's residual clause, § 924(c)(3)(B) "has no history of repeated attempts and repeated failures on the part of courts to craft a principled and objective standard . . . sufficient to confirm the hopeless indeterminacy" of the statute.[7] *Id.* at 146-48 (internal quotations, citations,

---

[7] The Sixth Circuit similarly concluded last February:

*Johnson* does not require reversal of Taylor's conviction, because several factors distinguish the ACCA residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such

and alterations omitted). Notably, both the Second and Sixth Circuits expressly rejected Movant's apparent position that the ordinary case analysis, as applied to § 924(c)(3)(B), makes the statute unconstitutionally vague, as the *Johnson* Court "took pains to note that it was a *combination* of factors that together rendered the residual clause invalid: 'Each of the uncertainties in the residual clause may be tolerable in isolation, but their sum makes a task for us which at best could be only guesswork.'" *Id.* at 149 (quoting *Johnson*, 135 S. Ct. at 2560); *see Taylor*, 814 F.3d at 378 ("In short, *Johnson* did not invalidate the ACCA residual clause because the clause employed an ordinary case analysis, but rather because of a greater sum of several uncertainties."); *see also Johnson*, 135 S. Ct. at 2561 ("The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. Not at all. Almost none of the cited laws links a phrase such as 'substantial risk' to a confusing list of examples." (internal citations omitted)).

Either the Eleventh Circuit or the Supreme Court will ultimately decide whether § 924(c)(3)(B) or the language contained therein is constitutional in light of *Johnson*, potentially once the Supreme Court issues Opinions in *Dimaya* and/or *Beckles v. United States*, 136 S. Ct. 2510 (2016). Until such binding authority, the Court agrees with the relevant and persuasive appellate authorities, and like the Fifth Circuit, declines "to get ahead of the Supreme Court,

---

weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Taylor*, 814 F.3d at 376.

Case No. 16-cv-61388-BLOOM
Case No. 15-cr-60005-BLOOM

invalidating duly enacted and longstanding legislation by implication." *Gonzalez-Longoria*, 831 F.3d at 678.

### III. CONCLUSION

Under current law, Movant is not "actually innocent" of his 18 U.S.C. § 924(c)(1)(A) conviction such that he may correct his sentence by utilizing 28 U.S.C. § 2255. Accordingly, and for all of the reasons stated herein, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [1]**, is **DENIED.**

The Clerk shall **CLOSE** this case and Case No. 15-cr-60005-Bloom.

**DONE AND ORDERED** in Miami, Florida, this 9th day of December, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record